UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LAWRENCE GUGLIARA,

              Plaintiff,                              **REPORT & RECOMMENDATION**
                                                                           **08 CV 909 (NGG)(LB)**

- against -

JAMES JONES;
JOMUAL WILLIAMS;
ESTEBAN BURGHER;
SOLOMON OKE;
GREGORY SMALLS;
CAPTAIN DAVID WILLIAMS;
and SERGEANT ANA HERNANDEZ,

              Defendants.
-------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

        Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. §1983. The case has been referred to me for all pretrial matters. The parties agreed to settle the matter on the record at the initial conference on July 8, 2009. However, despite numerous efforts by defendants' counsel to finalize the settlement, and warnings by this Court to plaintiff that if he failed to respond to the Court's Order his case may be dismissed, plaintiff has failed to contact the Court and defendants' counsel. For the following reasons, it is respectfully recommended that this case should be dismissed pursuant to Fed. R. Civ. P. 41(b) for plaintiff's failure to prosecute.

**BACKGROUND**

        Plaintiff's complaint alleges that he was assaulted by security guards in the vestibule of a New York City Human Resources Administration branch office in Brooklyn, where he applied for public health insurance coverage and food stamps. Plaintiff, who is white, claims that the alleged

assault by the security guards, who are black, was racially motivated. At the initial conference on July 8, 2009, the parties agreed to settle the matter on the record, and the Court ordered the parties to file a stipulation discontinuing the action by August 7, 2009. (Document 31.) By late October 2009, no stipulation had been filed. My chambers contacted defendants' counsel who stated that a proposed settlement agreement was sent to plaintiff shortly after the initial conference, but that it was rejected by plaintiff. Defendants' counsel further stated that he redrafted the agreement to address plaintiff's concerns and resent it to plaintiff for his signature, but plaintiff did not respond.

On April 5, 2010 the Court ordered the parties to show cause why the stipulation had still not been filed. (Document 34.) Plaintiff did not respond to the Order. Defendants responded, detailing their efforts to provide plaintiff a revised settlement agreement. (Document 35.) Defendants also stated that while plaintiff had attempted to telephone defendants' counsel a number of times following the initial conference, he did not leave a working number where he could be reached. (Id.) Plaintiff has not contacted defendants' counsel since late July 2009, and has not returned the executed revised settlement agreement. (Documents 35-36.)

On April 23, 2010, the Court issued an Order to Show Cause to plaintiff why the instant action should not be dismissed. (Document 38.) The Order stated that the five factors for dismissal for failure to prosecute under Fed. R. Civ. P. 41(b) had been met, except that plaintiff had not been given notice that his case may be dismissed. (Id.) The Court then ordered plaintiff to show cause in writing by May 7, 2010 why he has failed to consummate the agreed upon settlement, and warned him that if he failed to respond, I would recommend that his case should be dismissed for failure to prosecute. (Id.) Plaintiff has not responded to the April 23, 2010 Order to Show Cause, or otherwise contacted defendants or this Court. By letter dated June 29, 2010,

defendants request that I recommend dismissal of this case for plaintiff's failure to prosecute. (Document 39.)

## DISCUSSION

Rule 41(b) provides that a defendant may move for dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). The Court considers five factors in dismissing an action pursuant to Rule 41(b): (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that such failures would result in dismissal; (3) whether further delay is likely to prejudice defendant; (4) the balance between alleviating the court's calendar congestion and protecting a party's right to due process and an opportunity to be heard; and (5) the efficacy of lesser sanctions. Shannon v. Gen. Elec. Co., 186 F.3d 186, 193-94 (2d Cir. 1999). "Generally, no one factor is dispositive." Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001). While district courts need not review the factors on the record, "simple fairness suggest[s] that a *pro se* litigant should receive an explanation before his or her suit is thrown out of court." Feurtado v. City of New York, 225 F.R.D. 474, 478 (S.D.N.Y. 2004) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).)

In considering the first factor, duration, courts ask two questions: whether the failures were plaintiff's, and whether they were of significant duration. Martens, 273 F.3d at 180. Here, plaintiff has taken no action to prosecute his case since he informed defendants' counsel in July

of 2009—almost a year ago—that the original settlement agreement was "too broad."[1] Defendants, for their part, have taken a number of steps to effectuate the settlement, including redrafting the agreement to address plaintiff's concerns. As to the second factor, plaintiff was expressly warned in the Court's April 23, 2010 Order that his case would be dismissed if he did not show good cause why he failed to consummate the agreed upon settlement with defendants.

Regarding prejudice to the defendants, the Court may presume such prejudice from plaintiff's "unreasonable delay." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). "The primary rationale underlying a dismissal under 41(b) is the failure of the plaintiff in his duty to process his case diligently." Id. "[T]he operative condition of Rule [41(b)] is lack of due diligence on the part of the plaintiff--not a showing by the defendant that it will be prejudiced by denial of its motion." Europacific Asset Mgmt. Corp. v. Tradescape Corp., 233 F.R.D. 344, 353 (S.D.N.Y. 2005) (internal quotation marks, citations and ellipses omitted). By failing to finalize the settlement, or otherwise move the case forward for nearly a year, plaintiff has not met his duty of due diligence.

The balance between the Court's calendar obligations and plaintiff's right to be heard strikes in favor of dismissing this action. Plaintiff has made no effort to effectuate settlement or otherwise prosecute this case for nearly a year, despite defendants' efforts to secure a settlement, and warnings from this Court that his case would be dismissed. Further warnings are likely to be futile, and dismissal at this juncture is thus the most appropriate course.

The Court is aware that a Rule 41(b) "dismissal is a harsh remedy and is appropriate only

---

[1] Plaintiff did, however, file a letter with the Court on October 3, 2010. The letter did not specifically refer to the pending settlement, but did accuse the Court in vague terms of mistreating and victimizing him. (See document 32.)

in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Courts should also be "especially hesitant" to dismiss for procedural deficiencies when the plaintiff is proceeding *pro se*. Id. However, plaintiff has failed to make any effort to prosecute this case for nearly a year, and appears to have abandoned the action, leaving the Court with no option but to recommend dismissal.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case should be dismissed pursuant to Rule 41(b).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: July 12, 2010
      Brooklyn, New York